**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Arnold,<br><br>            Plaintiff,<br><br>v.<br><br>Beemer Haus LLC,<br><br>            Defendant. | No. CV-21-01450-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Voluntarily Dismiss this Action with Prejudice. (Doc. 17.) Defendants responded and—in the same document—moved for Rule 11 sanctions. (Doc. 20.) Plaintiff responded to Defendant's Rule 11 Motion. (Doc. 18.) Having considered the parties' briefing and relevant case law, the Court will grant Plaintiff's Motion and deny Defendant's for reasons explained below.

**I.     DISCUSSION**

   **A. Dismissal**

Plaintiff moved for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 17 at 1.) Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Essentially, Rule 41 requires a two-step analysis: (1) whether to dismiss; and (2) if so, whether to do so with or without prejudice and on what terms. *Id.*; *see also United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (determining that under Rule 41, a "suit may be dismissed with or without prejudice, and

the dismissal may be conditioned on terms that are proper and necessary to avoid prejudice to the defendant").

A motion for voluntary dismissal should ordinarily be granted unless "defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." *Clerisy Corp. v. Airware Holdings, Inc.*, No. CV 12-2110-PHX-PGR, 2013 WL 6252428, * 2 (D. Ariz. Dec. 4, 2013) (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)). Here, there is no concern of Defendant being prejudiced as Defendant agrees with Plaintiff's Motion. (*See* Doc. 20 at 1.) Consequently, the Court will dismiss the case with prejudice.

### B. Sanctions

Defendant requests that Plaintiff pay its attorney fees pursuant to Federal Rule of Civil Procedure 11. (*Id.*) Plaintiff responds that Defendant's Rule 11 Motion is procedurally deficient and substantively unsupported. (Doc. 18 at 1.) Because the Court is persuaded by the former argument, it will not address the latter.

Rule 11 contains a safe harbor provision that requires the party seeking sanctions to serve the allegedly offending party with a copy of the motion for sanction 21 days before filing said motion with the court. Fed. R. Civ. P. 11(C)(2). If the offending party corrects the issue within that 21-day period, then "the motion must not be filed or be presented to the court." *Id.*; *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("The purpose of the safe harbor, however, is to give the offending party [a 21-day] opportunity . . . to withdraw the offending pleading *and thereby escape sanctions*.").

Here, Defendant failed to serve a motion for Rule 11 sanctions 21 days prior to filing its motion with the Court. Thus, their request must be denied. *See* Fed. R. Civ. P. 11(C)(2).

## II. CONCLUSION

Therefore,

**IT IS ORDERED** granting Plaintiff's Motion to Voluntarily Dismiss with Prejudice, (Doc. 17), and denying Defendant's Rule 11 Motion, (Doc. 20).

///

///

**IT IS FURTHER ORDERED** instructing to the Clerk to enter judgment in accordance with this ruling and close this case.

Dated this 11th day of January, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge